UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JEFFREY F. DESLAURIERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | CV-07-184-B-W |
| | ) | |
| MICHAEL CHERTOFF, Secretary of the United States Department of Homeland Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AFFIRMING THE
RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

The United States Magistrate Judge filed with the Court on April 16, 2009 her Recommended Decision, *Recommended Decision on Mot. for Summ. J.* (Docket # 64) (*Rec. Dec.*). Michael Chertoff, former Secretary of the United States Department of Homeland Security (DHS), objected to the Recommended Decision on May 4, 2009, *Def.'s Partial Obj. to the Recommended Decision* (Docket # 69) (*Def.'s Obj.*), and the Plaintiff Jeffrey F. Deslauriers responded on May 22, 2009, *Pl.'s Resp. to Def.'s Partial Obj. to the Recommended Decision* (Docket # 70) (*Pl.'s Resp.*). The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; the Court has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and it concurs with the recommendations of the United States Magistrate Judge for the reason set forth in her Recommended Decision and for the reasons further explained here.

**I.      DISCUSSION**[1]

---

[1] The Court has not reiterated the details of the case, which are fully set forth in the Magistrate Judge's Recommended Decision. *Rec. Dec.* at 10-44.

DHS objects to the Magistrate Judge's failure to grant partial summary judgment on Mr. Deslauriers's prayer for monetary damages on his Age Discrimination in Employment Act (ADEA) retaliation claim, Count Two of the Complaint.[2] *Def.'s Obj.* DHS asserts that partial judgment is warranted because Mr. Deslauriers "conceded that there was no issue of past monetary loss," and "fail[ed] to plead front pay." *Id.* at 2.

### A.     Damages under the Age Discrimination in Employment Act (ADEA)

The ADEA was enacted in 1967 in an effort to eliminate age-based bias in employment decisions. 29 U.S.C. § 621 *et. seq.* "When confronted with a violation of the ADEA, a district court is authorized to afford relief by means of reinstatement, backpay, injunctive relief, declaratory judgment, and attorney's fees." *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 357 (1995); 29 U.S.C. § 626(b). In the case of a willful violation, liquidated damages equal to the backpay award are also available. *Id.* Additionally, the statute gives federal courts the discretion to "grant such legal or equitable relief as may be appropriate to effectuate the purposes of [the Act]." *Id.*; *Collazo v. Nicholson*, 535 F.3d 41, 45 (1st Cir. 2008).

### B.     Past Monetary Loss

DHS argues that the non-selection of Mr. Deslauriers for the Situation Room detail "did not involve higher level pay, so there was no issue of past monetary loss," and that Mr. Deslauriers has conceded as much. *Def.'s Obj.* at 1. In terms of Mr. Deslauriers's supposed concession, DHS points to his response to the following statement of material fact set forth by DHS in support of its motion for summary judgment: "The detail to the Commissioner's Situation Room did not involve a temporary promotion, supervising other [Border Patrol Agents (BPAs)], or training other BPAs. Further, this detail is not a prerequisite to obtaining any

---

[2] Plaintiff's Complaint pleads two counts under ADEA: age discrimination (Count One), and retaliation (Count Two). *Compl.* (Docket # 1).

positions within a Border Patrol Sector." *Statement of Undisputed Material Facts* ¶ 60 (Docket # 36). In his response statement, Mr. Deslauriers "[a]dmitted and denied" the fact, elaborating:

> Plaintiff admits the detail to the Commissioner's Situation Room did not involve a temporary promotion, supervising other BPAs, or training other BPAs. Plaintiff admits the Situation Room detail is not an explicitly stated prerequisite to obtaining any other positions within Border Patrol Sector. However, Plaintiff denies the inference that detail assignments do not give advantage to employees seeking promotions and career advancement. Detail assignments are viewed favorably and can provide experience necessary to be competitive in application for promotions, and can open doors for other opportunities for career advancement. For example, Kerry Rogers, the person who was selected over Agent Deslauriers for the detail assignment to the Commissioner's Situation Room at issue in this case, obtained a promotion to a GS-13 position in Washington[,] D.C. approximately one year following this assignment.

*Pl.'s Resp. to Def.'s Statement of Undisputed Material Facts and Pl.'s Statement of Material Facts* ¶ 60 (Docket # 52) (internal citation omitted). The Court agrees that Mr. Deslauriers conceded that the Situation Room detail did not involve higher pay, but disagrees with DHS that this constitutes an admission "that there was no issue of past monetary loss." *Def.'s Obj.* at 2.

Nor does the Court agree with DHS's contention that because the Situation Room detail itself did not involve a higher level of pay, the possibility of past monetary loss is foreclosed. From the outset, Mr. Deslauriers has asserted that "[a]s a direct and proximate cause of Defendant's failure to assign Plaintiff the [Situation Room] detail . . . Plaintiff has suffered lost income and benefits, lost employment opportunities, damage to reputation and career, attorney's fees and costs, and other damages." *Compl.* ¶ 35. Further, there is reason to infer that the person selected in Mr. Deslauriers's stead for the Situation Room detail obtained a promotion and an attendant pay increase following the assignment. *See Rec. Dec.* at 50. DHS neither disputes the Magistrate Judge's conclusion that Mr. Deslauriers "has generated sufficient evidence that the initiation of his [Equal Employment Opportunity] proceedings was the 'but for' cause of [his] non-selection," nor that he has established a *prima facie* case of retaliation. *Rec. Dec.* at 52.

3

Viewing the record in the light most flattering to Mr. Deslauriers, there is an issue of material fact whether his inability to participate in the Situation Room detail precluded him from career advancement opportunities and related financial benefits.

### C. Front Pay

DHS argues that because Mr. Deslauriers "failed to make a claim for front pay, . . . there [is] no issue of future monetary loss." *Def.'s Obj.* at 1. Mr. Deslauriers responds that the Court should forgive "any technical failure to plead front pay". *See Pl.'s Resp.* at 3.

In his Complaint, Mr. Deslauriers does not specifically claim front pay. On both his age discrimination claim (Count One) and retaliation claim (Count Two) he seeks both injunctive relief and "back pay, reimbursement for lost benefits, and double damages for willful violation." *Compl.* at 7. He additionally requests "[o]n all counts," "costs and reasonable attorneys' fees; and . . . such additional relief as this Court deems appropriate." *Id.*

Mr. Deslauriers's request for "additional relief as this Court deems appropriate" tracks the language of the ADEA, which allows for "such legal or equitable relief as may be appropriate to effectuate the purposes of [the Act], including without limitation judgments compelling employment, reinstatement or promotion." 29 U.S.C. § 626(b). The First Circuit relied on this statutory language in holding that district courts, in exercising their "broad remedial power" under the statute, have the discretion to award front pay in an ADEA case where reinstatement is impracticable or impossible. *Wildman v. Lerner Stores Corp.*, 771 F.2d 605, 616 (1st Cir. 1985); *see also Lussier v. Runyon*, 50 F.3d 1103, 1107-08 (1st Cir. 1995) (interpreting similar statutory language in Title VII of the Civil Rights Act to allow front pay as an equitable remedy in lawsuits brought under that statute); *Johnson v. Spencer Press of Me., Inc.*, 364 F.3d 368, 380 (1st Cir. 2004) (noting that "[a]wards of front pay . . . are generally

entrusted to the district judge's discretion and are available in a more limited set of circumstances than back pay").

As Mr. Deslauriers has established a *prima facie* case of retaliation, and has raised an issue of material fact whether DHS unlawfully cut-off career advancement opportunities to his financial detriment, there is an issue of material fact whether any such harm will continue, and whether front pay is appropriate. Though Mr. Deslauriers could have been more specific in his prayer for relief, DHS claims no prejudice, and the Court is chary about restricting its broad remedial power if Mr. Deslauriers ultimately establishes a cognizable claim of retaliation.

## II.     CONCLUSION

It is therefore ORDERED that the Recommended Decision of the Magistrate Judge (Docket # 64) is hereby AFFIRMED. It is further ORDERED that Defendant's Motion for Summary Judgment (Docket # 35) be and hereby is DENIED.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 5th day of August, 2009