UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JEFFREY F. DESLAURIERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 07-184-B-W |
| ) | |
| MICHAEL CHERTOFF, ) | |
| ) | |
| Defendant ) | |

**ORDER ON MOTION TO STRIKE JURY TRIAL DEMAND**

Plaintiff Jeffrey F. Deslauriers is pursuing claims under the Age Discrimination in Employment Act against the federal government, based on a failure to promote and the denial of a detail to Washington, D.C., while he served the Department of Homeland Security as a senior border patrol agent at the Calais Border Patrol Station, Houlton Sector. The case is currently on the Court's December trial list. During the pretrial conference, government counsel orally moved to have the Plaintiff's jury trial demand stricken on the grounds of sovereign immunity. I afforded the Plaintiff an opportunity to submit an objection in writing and directed the Government to reply in writing as well. The Court has referred the matter for disposition. I grant the Government's request and strike the jury trial demand pursuant to 29 U.S.C. § 636(b)(1)(A).[1]

---

[1] The motion to strike is a non-dispositive issue. See, e.g., Harrington v. Wilbur, 384 F. Supp. 2d 1321, 1325 (S.D. Iowa 2005) (reviewing for abuse of discretion mag. j.'s grant of late request for jury trial); Palmer v. Angelica Healthcare Servs. Group, Inc., 170 F.R.D. 88 (N.D.N.Y. 1997) (mag. j. order denying motion to strike jury demand without discussion of authority); Official Comm. of Unsecured Creditors v. Hendricks, Civ. No. 1:04-66, 2008 U.S. Dist. Lexis 106216, 2008 WL 5428008 (S.D. Ohio Dec. 24, 2008) (affirming magistrate judge's decision and order on motion to strike jury demand as not clearly erroneous); United States v. Carlson, Civ. No. 06-00275-WYD-MEH, 2006 U.S. Dist. Lexis 73017, n.1, 2006 WL 2869122, n.1 (D. Colo. Oct. 6, 2006) (mag. j. order on motion to strike jury trial demand); Rhoades v. Stein, Civ. No. 93-4699, 1995 U.S. Dist. Lexis 7765, 1995 WL 339023 (E.D. Penn. June 1, 1995) (reviewing mag. j. decision on motion to strike jury demand for clear error); but see Stewart v.

## DISCUSSION

A plaintiff in a civil action against the federal government under the Age Discrimination in Employment Act, 29 U.S.C. § 633a, does not have a right to trial by jury. This is a function of the doctrine of sovereign immunity, which holds that a right to trial by jury against the federal government is unavailable unless Congress has unequivocally granted that right. Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981). Jeffrey Deslauriers argues that Congress superseded Nakshian with the language of 42 U.S.C. § 1981a(c),[2] which Congress amended in 1991. (Pl.'s Response to Def.'s Oral Mot. to Strike at 7, Doc. No. 81.) This provision does not contain an affirmative and unambiguous waiver of sovereign immunity. "[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." Nakshian, 453 U.S at 161. Deslauriers's § 1981a(c) argument depends entirely on inferences and implications rather than any unambiguous statement. (See, *e.g.*, Pl.'s Response at 8: "Surely Congress did not intend to make public servants second class citizens for age discrimination only.") Congress has not clearly and unambiguously amended the ADEA to allow for jury trials on claims of age discrimination in federal government employment, which means that Nakshian is still binding authority with respect to the ADEA. 29 U.S.C. § 633a; Guillory-Wuerz v. Brady, 785 F. Supp. 889, 891 (D. Colo. 1992) (rejecting argument that the 1991 amendment, Pub. L. No. 102-166, 105 Stat. 1071 (1991), overruled Nakshian with respect

---

FBI, Civ. No. 97-1595-ST, 1999 U.S. Dist. Lexis 18773, n.1 (D. Or. Sept. 29, 1999) (suggesting the issue is "unclear" but issuing a recommendation "in an abundance of caution") (not included in Westlaw database).

[2]   This civil rights provision addresses damages in cases of intentional discrimination in employment and provides, in the cited passage:

>  (c) Jury trial. If a complaining party seeks compensatory or punitive damages under this section--
>    (1) any party may demand a trial by jury; and
>    (2) the court shall not inform the jury of the [damages caps] described in subsection (b)(3).

42 U.S.C. § 1981a(c).

to the ADEA).  See also Baldwin v. Peake, Civ. No. 08-1352, 2009 U.S. Dist. Lexis 56830, *11, 2009 WL 1911040, *3 (E.D. Pa. July 1, 2009);  Guerrero v. Preston, Civ. No. H-08-2412, 2009 U.S. Dist. Lexis 28929, *2, 2009 WL 921371, *1 (S.D. Tex. Apr. 3, 2009);  Wagner v. Geren, Civ. No. 8:08-208, 2009 U.S. Dist. Lexis 31771, *3, 2009 WL 837728, *1 (D. Neb. Mar. 26, 2009);  Rossiter v. Potter, Civ. No. 02-12192-MBB, 2005 U.S. Dist. Lexis 10422, *23-25, 2005 WL 1288063, *7, (D. Mass. May 23, 2005).

Deslauriers otherwise contends that he is entitled to compensatory damages and liquidated damages due to the fact that he alleges retaliation under the ADEA and not just discrimination under the ADEA.  (Pl.'s Response at 2.)  It appears that he advances these arguments at this juncture to lay a foundation for his jury trial demand under 42 U.S.C. § 1981a(c).  In any event, the ADEA does not allow compensatory damages for pain and suffering. Collazo v. Nicholson, 535 F.3d 41, 44 (1st Cir. 2008).  Deslauriers says that all this has changed with Gomez-Perez v. Potter, 128 S. Ct. 1931 (2008), wherein the Supreme Court recognized that the ADEA's prohibition against age discrimination encompasses discrimination in the form of retaliation for bringing a claim of age discrimination.  Id. at 1936.  The problem with Deslauriers's argument is that, under Gomez-Perez, the retaliation claim *is* a claim of discrimination under the ADEA, so it is subject to the same restrictions as any other age discrimination claim under the ADEA.  Because § 633a of the ADEA does not incorporate 29 U.S.C. § 626(b), which provides for liquidated damages in private sector cases, liquidated damages are not available in this case.  29 U.S.C. § 633a(c), (f);  Collazo, 535 F.3d at 44-45 ("[T]he remedy provisions of the ADEA allow awards for only those pecuniary benefits connected to the job relation, including unpaid wages or overtime compensation.") (internal quotation marks omitted);  Villescas v. Abraham, 311 F.3d 1253, 1258-60 (10th Cir. 2002)

3

(observing that Congress twice declined to expressly waive sovereign immunity under § 633a with respect to compensatory damages or liquidated damages, despite statutory amendments that expanded relief under other statutes); Smith v. Office of Pers. Mgmt., 778 F.2d 258, 263-64 (5th Cir. 1985) (holding that compensatory and liquidated damages are not available under the ADEA in a suit against the sovereign).  In effect, Congress has not clearly and unambiguously waived the federal government's sovereign immunity with respect to either compensatory damages or liquidated damages under the ADEA.

## CONCLUSION

For the reasons set forth above, the Government's motion to strike Deslauriers's jury trial demand is GRANTED.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

October 20, 2009                    /s/ Margaret J. Kravchuk
                                    U.S. Magistrate Judge